**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re Wilson* | Civil Action Nos.:<br>1:24-cv-03108-SDG<br>1:24-cv-03147-SDG<br>1:24-cv-03359-SDG<br>1:24-cv-03557-SDG<br>1:24-cv-04716-SDG<br>1:25-cv-00485-SDG<br>1:25-cv-04308-SDG |

**ORDER**

This matter is before the Court for frivolity review under 28 U.S.C. § 1915(e) of the following seven cases filed by frequent *pro se* litigant Cortez Deonte Wilson:[1]

- *Wilson v. Emory Healthcare, Inc.*, 1:24-cv-03108-SDG (-3108 case);

- *Wilson v. Montana*, 1:24-cv-03147-SDG (-3147 case);

- *Wilson v. Dupri*, 1:24-cv-03359-SDG (-3359 case);

- *Doe v. Atlanta Fire Department*, 1:24-cv-03557-SDG (-3557 case);

- *Wilson v. Pope Francis*, 1:24-cv-04716-SDG (-4716 case);

- *Weaver v. State Court of Fulton County*, 1:25-cv-00485-SDG (-0485 case); and

- *Weaver v. Georgia Department of Human Services*, 1:25-cv-04308-SDG (-4308 case).

A complaint may be dismissed under § 1915(e) as frivolous if its legal theory is "indisputably meritless" or its factual contentions are "fantastic or delusional."

---

[1] Wilson's aliases include Salinas Acosta Weaver and Baby Doe.

1

*Neitzke v. Williams*, 490 U.S. 319, 327–38 (1989). In evaluating a complaint for frivolity, a court has the "unusual power to pierce the veil of the complaint's factual allegations," *id.* at 327—it is "not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). One indicator of frivolity is "a litigant's history of bringing unmeritorious litigation." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). Frivolity "is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition." *Id.* at 33.

Here, the Court rules in its discretion that all seven of the above-captioned cases are frivolous. In these cases, Wilson appears to allege, among other things, as follows:

- That Grady Hospital killed him and is concealing his death (-3108 case);[2]

- That the French Montana song "9000 Watts" was stolen from him by a hospital audiology department and broadcast over police radio (-3147 case);[3]

- That the Rocko song "Umma Do Me" was stolen from him, and that he was kidnapped when he was 18 years old (-3359 case);[4]

---

[2] -3108, ECF 3, at 4.

[3] -3147, ECF 3, at 5.

[4] -3359, ECF 3, at 4.

- That he was kidnapped from his house as a baby in the 1980s, and that he was shot and hospitalized when he was 13 (-3557 case);[5]

- That he was convicted of arson as a one-year-old, and implanted with a nuclear device as a three-year-old (-4716 case);[6]

- That he was imprisoned and his identity altered when he was a one-year-old, and that an apartment fire when he was a child resulted in the death of two children (-0485 case);[7] and

- That he is unfairly being forced to pay child support (-4308 case).[8]

These cases all lack "an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. The allegations in the first six are so "fanciful" as to be "clearly baseless"; the legal theory in the seventh is indisputably meritless. *Denton*, 504 U.S. at 31 (citation modified). This conclusion is bolstered by the multiplicity of Wilson's cases, of which ten have been filed in this Court over the past eighteen months.

The above-captioned cased are accordingly **DISMISSED** under § 1915(e) as frivolous, and all pending motions in those cases are **DENIED**.

The Clerk is **DIRECTED** to close the above-captioned cases.

The Court will not accept Wilson's future filings for immediate docketing (regardless of the alias he uses) but will instead screen them to determine whether to authorize their filing. This will ensure that frivolous complaints are not

---

[5]   -3557, ECF 3, at 3–5.

[6]   -4716, ECF 3, at 3–5.

[7]   -0485, ECF 3, at 3–5.

[8]   -4308, ECF 3, at 4.

docketed as civil actions. These restrictions will avoid further waste of judicial resources. Accordingly, the Court imposes the following **RESTRICTIONS** on all pro se filings the Clerk receives from Wilson after the entry of this Order: (1) the Clerk shall open one miscellaneous (MI) action for each complaint received from Wilson and submit it to undersigned for review; (2) the Court will review the complaint and determine whether it states a plausible claim for relief or otherwise should be docketed as a new civil action; (3) the Court will issue an order allowing creation of a new civil action or dismissing the complaint without creating a civil action; (4) the Clerk shall not docket any further filings or motions in the miscellaneous action except a notice of appeal, which, if filed, shall be processed in the normal course.

Similarly, the Clerk shall not docket any further filings in any of Wilson's existing cases—all of which are now closed—except a notice of appeal, which, if filed, shall also be processed in the normal course. Whenever the Court receives a prohibited filing in an existing case, the Clerk shall note on the docket that the filing has been received and retain it in the case correspondence file.

**SO ORDERED** this 30th day of September, 2025.

Steven D. Grimberg
United States District Judge